IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**BRANDON PRICE** and
**MEGAN ONORATO,**
individually and on behalf of all
others similarly situated,

              Plaintiffs,
   **v.**

**THE MURDER MYSTERY COMPANY, LLC,**

              Defendant.

## INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

The Plaintiffs, Brandon Price ("Price") and Megan Onorato ("Onorato") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through the undersigned counsel from HKM Employment Attorneys LLP and the Sawaya & Miller Law Firm, as their Individual, Collective, and Class Action Complaint and Jury Demand ("Complaint") against the Defendant, the Murder Mystery Company, LLC ("the Company"), state as follows:

### NATURE OF ACTION

1. The Plaintiffs allege that the Company violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and Article XVIII, Section 15 of the Colorado

1

Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 et *seq*., the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq*., the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2017-2019), and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1 (2020) (collectively, "Colorado Wage and Hour Law"), by misclassifying them and dozens of other actors, directors, and assistant directors ("Class Members") and failing to pay them federal and Colorado minimum wages.

2. At all times relevant to this Complaint, the Company had a policy or practice of requiring Class Members to attend nine hours of training and to perform in one theatrical show without pay. As a result of this policy or practice, the Company failed to pay the Plaintiffs and hundreds of Class Members minimum wages for hours that they worked.

3. Additionally, at all times relevant to this Complaint, the Company had a policy or practice of misclassifying the Plaintiffs and the Class Members as "independent contractors" and failing to pay them the minimum wage rates mandated by Colorado Wage and Hour Law. This misclassification affected hundreds of employees.

4. The Plaintiffs allege that the Company's violations of the FLSA and Colorado Wage and Hour Law were willful.

5. The Plaintiffs also allege that the Company engaged in unjust enrichment by improperly retaining funds that should have been paid to Price and other Class Members for their work on an Armed Forces Entertainment tour in 2019.

6. Individually, Price alleges that the Company committed wrongful

termination in violation of Colorado public policy by terminating his employment because he complained about the Company's wage and hour policies/practices.

7. The Plaintiffs seek declaratory and injunctive relief, back wages, liquidated damages, statutory penalties, additional penalties for willful violations of Colorado Wage and Hour Law, reasonable attorneys' fees, and litigation costs for themselves and the Class Members. The Plaintiffs also reserve the right to seek an appropriate service awards for their time and efforts on behalf of the Class.

8. Individually, Price seeks back pay, front pay, compensatory damages, and exemplary damages for the Company's wrongful termination of his employment.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over the Plaintiffs' and the Class Members' FLSA claims because those claims arise under the laws of the United States. 28 U.S.C. § 1331; 29 U.S.C. § 201 *et seq.*

10. The Court may exercise supplemental jurisdiction over the Plaintiffs' and the Class Members' Colorado Wage and Hour Law claims and unjust enrichment claims, and Price's wrongful termination claim, because those claims form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

11. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' and the Class Members' claims occurred in this District. 28 U.S.C. 1391(b)(2).

## PARTIES

12. Plaintiff Brandon Price is a resident of Colorado who worked for the Defendant, the Murder Mystery Company, LLC, from August 2016 to May 13, 2020, when he was terminated for complaining about the Company's illegal wage and hour policies and practices. Price has consented to be part of this action and his Consent to Join is attached as Exhibit 1.

13. Plaintiff Megan Onorato is a resident of Colorado who worked for the Company from October 2016 to May 13, 2020, when she resigned her employment in protest of Price's wrongful termination.

14. The Defendant, Murder Mystery Company, LLC, is a Michigan company with its headquarters at 4550 Airwest Drive SE, Suite 1, Grand Rapids, Michigan 49512. The Company's registered agent, Scott Cramton, may be found at 3160 Brenton Road SE, Suite D, Kentwood, Michigan 49512. Based on the fact that no filing information can be found in the records of the Colorado Secretary of State, the Company does not appear to be registered in the State of Colorado.

## GENERAL ALLEGATIONS

15. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

16. The Company is an entertainment company that is primarily in engaged in the business of presenting theatrical shows at dinner theaters throughout the United States.

17. At all times relevant to this Complaint, the Company, the Plaintiffs, and the Class Members were engaged in commerce: the technology and equipment they used to prepare for performances and to perform in shows were items that moved across state lines.

18. On information and belief, the Company did business of $500,000.00 or more each year from August 18, 2017 to the present ("the Relevant Period").

19. Price was employed by the Company, first as an actor, then as an assistant director/actor, and then as a director/actor, from August 2016 to May 13, 2020.

20. Onorato was employed by the Company, first as an actor, then as an assistant director/actor, from October 2016 to May 13, 2020.

21. Each show in which the Plaintiffs and the Class Members were involved required two to six hours of rehearsal each week.

22. Performances occurred primarily on Fridays, Saturdays and Sundays. It took approximately four hours to set up, perform, and clean up one show.

23. At all times during the Relevant Period, the Company had a policy or practice of requiring its workers to attend nine hours of training and to perform in one show without pay at the beginning of their employment.

24. As a result of this policy/practice, the Plaintiffs and the Class Members were paid nothing for hours that they worked.

25. At all times during the Relevant Period, the Company had a policy or practice of misclassifying the Class Members as "independent contractors." This policy or practice

applied to hundreds of Class Members.

26. The Plaintiffs and the Class Members were never actually independent contractors – they were employees because they were controlled by the Company:

    a. The Class Members were required to attend Company trainings to learn information that was specific to the Company;

    b. The Company generally dictated when and where the Class Members performed;

    c. The Company required the Class Members to abide by the policies, practices, and procedures in its employment handbooks;

    d. The Company retained the right to discipline or discharge any Class Member for failing to comply with its policies, practices, and procedures;

    e. The Company required the Class Members to sign non-competition agreements as a condition of employment;

    f. At all times during the Relevant Period, the Class Members were involved in the Company's primary (if not only) business;

    g. The work of the Class Members was integral to the Company, since the Company could not exist without actors, directors, and assistant directors to put on its shows;

    h. The Class Members were required to report to work for shows on schedules dictated by the Company;

      i. The rates of pay of the Plaintiffs and the Class Members were determined solely by the Company, without any negotiation with Class Members; and

      j. The Class Members did not have any opportunity for profit or loss from the shows in which they performed.

27. During the Relevant Period, the Company paid the Plaintiffs and the Class Members low, flat rates for each show. Such rates ranged from $65 per show for actors to $115 per show for directors.

28. The Company did not pay the Plaintiffs and the Class Members any additional compensation for the hours they spent rehearsing and otherwise preparing for each show.

29. The Colorado minimum wage was $9.30 per hour in 2017, $10.20 per hour in 2018, $11.10 per hour in 2019, and $12.00 per hour in 2020. Colo. Const. Art. XVIII, § 15.

30. As a result of the Company's policy/practice of misclassifying the Class Members, the Company did not pay the Plaintiffs and the Class Members Colorado minimum wages for all of the hours they worked during the Relevant Period.

31. For example, Price worked 28 hours for the Company during the week of December 4, 2017, but was only paid $255.00.

32. Price worked 10 hours for the Company during the week of January 1, 2018, but was paid only $85.00.

33. Onorato worked 5 hours on a show during a week in November 2018 and was paid nothing for her work.

34. Price and other Class Members participated in an Armed Forces Entertainment tour for the Company in 2019.

35. During the tour, the Company paid the Plaintiffs and the Class Members $75 per day, and $100 per day if they performed.

36. Price later learned that the Company negotiated a higher-than-normal contract price with the U.S. Army, after representing to the Army that it intended to pay the extra compensation to the performers.

37. Neither Price nor the other Class Members were actually paid any of the higher compensation that was intended for them.

38. Price became concerned that the Company was misclassifying its workers and, in January and February 2020, he repeatedly complained to the company that its wage and hour policies might be unlawful.

39. The Company responded to Price's concerns by telling him that he was "clearly unhappy," and then terminating his employment on May 13, 2020.

40. Outraged by the Company's retaliation against Price, Onorato and other employees immediately resigned in protest.

41. At all times during the Relevant Period, the Company was aware, or should have been aware, of the requirements of the FLSA and Colorado Wage and Hour Law,

nevertheless, it failed to pay the Plaintiffs and the Class Members federal and Colorado minimum wages. Its violations were therefore willful.

## COLLECTIVE ALLEGATIONS

42. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

43. In addition to bringing this case individually, the Plaintiffs bring the FLSA claims in this Complaint on behalf of the following FLSA Collective:

> **All individuals who worked for the Murder Mystery Company as actors, directors, and/or assistant directors from August 18, 2017 to the present.**

44. The Plaintiffs and the FLSA Collective Members are similarly situated under 29 U.S.C. § 216(b) because they were subject to a common policy or practice, i.e., the Company's requirement to attend trainings and perform in a show without compensation.

45. Price has signed a Consent to Join form, which is attached as Exhibit 1.

46. Onorato has also signed a Consent to Join form, which is attached as Exhibit 2.

## COLORADO CLASS ALLEGATIONS

47. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

48. In addition to bringing this case individually and on behalf of the FLSA Collective, the Plaintiffs bring the Colorado Wage and Hour Law and unjust enrichment

claims in this Complaint under Fed. R. Civ. P. 23 on behalf of the following Colorado Class:

> **All individuals who worked for the Murder Mystery Company as actors, directors, and/or assistant directors in Colorado from August 18, 2017 to the present.**

49. The Colorado Class satisfies the prerequisites and requirements of Fed. R. Civ. P. 23:

   a. The Company employed dozens of actors, directors, and assistant directors during the Relevant Period. The joinder of all such individuals in impracticable;

   b. Questions of law and fact that are common to the Class predominate over questions affecting individual Class Members. Such common questions include, but may not be limited to:

      i. Whether the Class Members were employees of the Company;

      ii. Whether the Class Members were misclassified as "independent contractors;"

      iii. Whether the Company had a policy or practice of paying the Class Members less than the Colorado minimum wage for some of the hours that they worked;

      iv. Whether the Company's policy or practice violated Colorado Wage and Hour Law;

      v. Whether the Company's violations of Colorado Wage and Hour Law harmed the Class Members;

      vi. Whether the Company's violations of Colorado Wage and Hour Law were willful; and

      vii. Whether the Company engaged in unjust enrichment during the 2019 Armed Forces Entertainment tour.

  c. The Plaintiffs' claims are typical of those of the Class Members because they were required to work for pay that was less than the applicable Colorado minimum wage rates; and

  d. The Plaintiffs will fully and adequately protect the interests of the Colorado Class. They have retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither the Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Colorado Class.

50. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Colorado Class Member to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

51. Prosecution of this case as a Rule 23 Class action will also eliminate the

possibility of duplicative lawsuits being filed in multiple state and federal courts.

52. This case will be manageable as a Rule 23 Class action. The Plaintiffs and their counsel know of no unusual difficulties in this case.

53. Moreover, the Company acted and refused to act on grounds that apply generally to the Colorado Class and declaratory relief is appropriate in this case with respect to the Colorado Class as a whole.

## COUNT I

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

**29 U.S.C. § 201 et seq.**

*On behalf of the Plaintiffs and the FLSA Collective*

54. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

55. At all times relevant to this action, the Company was an "employer" and an "enterprise engaged in commerce" under 29 U.S.C. § 203(d) and 29 U.S.C. § 203(s) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

56. At all times relevant to this action, the Plaintiffs and the FLSA Collective Members were "employees" of the Company within the meaning of 29 U.S.C. § 203(e)(1).

57. Under the FLSA, the Company was required to pay the Plaintiffs and the FLSA Collective Members the federal minimum wage of $7.25 per hour for all of the hours that they worked. 29 U.S.C. § 206.

58. Throughout the Relevant Period, the Company had a policy or practice of requiring Class Members to attend nine hours of training and to perform in one theatrical show without pay.

59. As a result of this policy or practice, the Company failed to pay the Plaintiffs and hundreds of FLSA Collective Members federal minimum wages for at least 16 hours of work.

60. Because the Company was aware, or should have been aware, of the minimum wage requirements of the FLSA at all times during the Relevant Period, and nevertheless failed to pay the Plaintiffs and the FLSA Collective Members the federal minimum wage, the Company's violations of federal law were willful.

61. Based on the Company's violations of the FLSA, the Plaintiffs and the FLSA Collective Members are entitled to unpaid minimum wages, liquidated damages, reasonable attorney's fees, and the costs of this litigation.

**COUNT II**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF
COLORADO WAGE AND HOUR LAW**

**Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7 C.C.R. 1103-1 (2020)**

*On behalf of the Plaintiffs and the Colorado Class*

62. The Plaintiffs incorporate the allegations in the paragraphs above as if fully

set forth herein.

63. At all times during the Relevant Period, the Plaintiffs and the Colorado Class Members were "employees" subject to the protections of the FLSA and Colorado Wage and Hour Law. Colo. Const. Art. XVIII, § 15; C.R.S. § 8-4-101(5).

64. Article XVII, Section 15 of the Colorado Constitution requires employers to pay the Colorado minimum wage rates to "employees who receive the state or federal minimum wage."

65. Under Colorado Wage and Hour Law, the Company was required to pay the Plaintiffs and the Colorado Class Members minimum wages of $9.30 per hour for hours worked in 2017; $10.20 per hour for hours worked in 2018; $11.20 per hour for hours worked in 2019; and $12.00 per hour for hours worked in 2020. Colo. Const. Art. XVIII, § 15; 7 C.C.R. 1103-1 (2017); 7 C.C.R. 1103-1 (2018); 7 C.C.R. 1103-1 (2019); 7 C.C.R. 1103-1 (2020).

66. At all times During the Relevant Period, the Company had a policy or practice of misclassifying the Plaintiffs and the Colorado Class Members as "independent contractors" and failing to pay them the minimum wage rates mandated by Colorado Wage and Hour Law.

67. Because the Company was aware, or should have been aware, of the minimum wage requirements of Colorado Wage and Hour Law, but failed to pay the Plaintiffs and the Class Members Colorado minimum wages, the Company's violations of

Colorado Wage and Hour Law were willful.

68. Based on the Company's violations of Colorado Wage and Hour Law, it is liable for unpaid wages, minimum wages, statutory penalties, additional penalties for the willfulness of its actions, reasonable attorney's fees and costs.

69. The Plaintiffs hereby demand payment on behalf of themselves and all Class Members in an amount equal to all earned but unpaid compensation owed for unpaid Colorado minimum wages. This demand for payment is continuing and is made on behalf of any current employees of Defendant whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## COUNT III

### UNJUST ENRICHMENT

*On behalf of Price and the Colorado Class*

70. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

71. During the 2019 Armed Forces Entertainment tour, the Company obtained, at the expense of the Plaintiffs and other Class Members, higher-than-normal pay in its contract with the U.S. Army.

72. The Company obtained this money by representing to the Army that it intended to provide additional compensation to the Plaintiffs and the Class Members, however, the Company did not ever provide such compensation to its performers.

15

73. Under these circumstances, it would be entirely unjust to allow the Company to retain the additional compensation in question. Fairness dictates that all such monies should be disgorged to the Plaintiffs and the Class Members who performed in the tour.

## COUNT IV

### WRONGFUL TERMINATION IN VIOLATION OF COLORADO PUBLIC POLICY

*On behalf of Price individually*

74. The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

75. Under Colorado law, Price had an express right to complain about the Company's apparent misclassification of its employees. This right is clearly reflected in Colorado Wage and Hour Law. Colo. Const. Art. XVIII, § 15, C.R.S. § 8-4-120; 7 C.C.R. 1103-1, Rule 8.5 (2020).

76. An employer's payment/nonpayment of minimum wages directly affects the health, safety, and welfare of its employees and the public at large. *See* C.R.S. § 8-6-101.

77. Had Price refrained from complaining about the Company's practices, the policies of Colorado Wage and Hour Law would have been undermined.

78. The Company terminated Price because he exercised his rights and duties under Colorado Wage and Hour Law.

79. Because the Company wrongfully terminated Price, it is liable to him for back pay, front pay, compensatory, and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully ask the Court to enter judgement for them, the FLSA Collective, and the Colorado Class, and in addition:

A. Conditionally certify the FLSA Collective and authorize notice of this lawsuit to be sent to all putative FLSA Collective Members;

B. As soon as practicable, certify this case as a class action under Fed. R. Civ. P. 23, appoint the Plaintiffs as class representatives and the undersigned counsel as class counsel, and authorize notice of this lawsuit to be sent to all putative Colorado Class Members;

C. Enter a declaratory judgment condemning the Defendant's willful violations of the FLSA and Colorado Wage and Hour Law;

D. Grant preliminary and permanent injunctions prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

E. Award the Plaintiffs and each FLSA Collective Member minimum wages for the hours that they were paid less than the federal minimum wage;

F. Award the Plaintiffs and each FLSA Collective Member liquidated damages in amounts equal to the federal minimum wages awarded;

G. Award the Plaintiffs and each Colorado Class Member Colorado minimum wages for the hours they worked for less than the applicable minimum wage rates;

H. Award the Plaintiffs and each Colorado Class Member statutory damages and additional damages for willfulness pursuant to C.R.S. § 8-4-109;

I. Award the Plaintiffs service awards for their time and efforts on behalf of the FLSA Collective and the Colorado Class;

J. Award Price back pay, front pay, compensatory damages, and punitive damages for the Company's wrongful termination of his employment;

K. Order the Company to reimburse the Plaintiffs for their reasonable attorney's fees and costs incurred in this action;

L. Order the Company to pay the costs of administering any and all notices and payments to the FLSA Collective Members and the Colorado Class Members; and

M. Award all other and further relief that the Court finds to be equitable and just.

## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted this 18th day of August, 2020.

/s/ Shelby Woods
_____
Shelby Woods
**HKM Employment Attorneys LLP**
730 17th Street, Suite 750
Denver, Colorado 80202
swoods@hkm.com

/s/ Adam M. Harrison
_____

        David H. Miller (8405)
        Adam M. Harrison (50553)
        **Sawaya & Miller Law Firm**
        1600 Ogden Street
        Denver, Colorado 80218
        720.527.4369
        aharrison@sawayalaw.com

        *Attorneys for Plaintiffs Brandon Price and Megan Onorato, individually and on behalf of all others similarly situated*